UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KENNETH SAAL, | ) | CASE NO. 5:18-cv-2744 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| CITY OF WOOSTER, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the unopposed motion for summary judgment filed by defendants City of Wooster (the "City"), Police Chief Matthew Fisher ("Chief Fisher"), and Assistant Police Chief Scott Rotolo ("Rotolo") (collectively, "defendants"). (Doc. No. 33 ["Mot."].) For the reasons that follow, defendants' motion for summary judgment on count IV of the amended complaint is granted. The Court declines to exercise supplemental jurisdiction over plaintiff's state law claims in counts I, II, III, V, VI, and VII, and those counts are dismissed without prejudice.

I. **FACTS AND PROCEDURAL BACKGROUND**

As an initial matter, the Court notes that where a summary judgment motion is unopposed, "a court's reliance on the facts advanced by the movant is proper and sufficient." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992) (citing cases).

Plaintiff, Kenneth Saal ("Saal"), a former Wooster police sergeant, filed this action asserting violations of 42 U.S.C. § 1983 and various state law causes of action, seeking, among other things, monetary damages against the City, the City of Wooster Police Department (the "Wooster Police Department"), Chief Fisher, Rotolo, and John Does 1 through 10. (*See* Doc. No. 4, amended complaint ["FAC"].) In his amended complaint, Saal asserts multiple causes of action

associated with his indictment on 18 felony counts of Unauthorized Use of the Ohio Law Enforcement Gateway in violation of Ohio Revised Code § 2913.04(D). (FAC, Doc. No. 33-2.)[1] On April 18, 2019, this Court dismissed all claims against the Wooster Police Department. (Doc. No. 16.) On February 20, 2020, the Court granted, in part, defendants' motion for judgment on the pleadings on Saal's 42 U.S.C. § 1983 claim. (Doc. No. 29.) The sole remaining federal claim is Saal's malicious-prosecution-based § 1983 claim. The facts of this case have been outlined in the Court's previous memorandum opinion (*see id.*), familiarity with which is assumed. However, to properly frame Saal's federal malicious prosecution claim, it is necessary to take brief look at the events leading up to Saal's indictment.

On August 10, 2017, the Wayne County Sheriff's Office (the "Sheriff's Office") responded to a call involving a subject with a gun. (Doc. No. 33-1, Trial Transcript, *State of Ohio v. Kenneth R. Saal*, Wayne Co. Court of Common Pleas Case No 2018 CRC-I 000201 ["Trial Tr."] at 698.)[2]

---

[1] The Court may take judicial notice of facts appearing on the state court's online docket related to Saal's indictment and trial. *See Lynch v. Leis*, 382 F.3d 642, 647 n.5 (6th Cir. 2004) (courts may take judicial notice of court records available online to members of the public).

[2] In support of their recitation of the facts, the defendants submitted several documents, including the trial transcript of Saal's state criminal trial (Doc. No. 33-1) and a copy of an Ohio Attorney General's Office Prosecutor Summary (Doc. No. 33-7). Though evidence submitted in connection with summary judgment does not need to be submitted in admissible form, the submitting party must show that the evidence could be presented in admissible form at trial. *See Alexander v. CareSource*, 576 F.3d 551, 558–59 (6th Cir. 2009). Defendants have failed to make such a showing with regard to Doc. No. 33-7, which is inadmissible hearsay. With regard to the trial transcript, however, the Court may take judicial notice of facts "not subject to reasonable dispute…." Fed. R. Evid. 201(b). And "state court proceedings, which are a matter of public record, meet Federal Rule of Evidence 201(b)'s criteria." *Smith v. Maloon*, No. 2:09-cv-00954, 2010 WL 2761344, at *6 (S.D. Ohio July 13, 2010). Further, "[i]t is well-settled that sworn testimony from another trial is admissible on a motion for summary judgment[] … [because] [t]ranscript testimony serves the same purpose as an affidavit under Fed. R. Civ. P. 56 and is comparable in that each form of testimony is sworn and submitted without cross-examination by the adverse party." *Dillon v. Lake Cumberland Marine, L.L.C.*, No. 6:01-CV-02-KKC, 2006 WL 3714185, at *7 (E.D. Ky. Dec. 14, 2006) (citing cases), *rev'd in part on other grounds by Dillon v. Cobra Power Corp.*, 560 F.3d 591 (6th Cir. 2009); *see also Ricupero v. Wuliger, Fadel & Beyer*, No. 1:91CV0589, 1994 WL 483871, at *4 (N.D. Ohio Aug. 26, 1994) ("[A] court may also consider certified transcripts of prior testimony in deciding a motion for summary judgment.") (citing cases). Further, the Court cites to the trial transcript for purposes of establishing a factual backdrop only. All page numbers refer to the page identification number generated by the Court's electronic docketing system.

The subject for whom the Sheriff's Office was searching was the son of Sue Trepal ("Officer Trepal"), a Wooster Police Department officer. (*Id.*) The Sheriff's Office contacted the regional dispatch center seeking aid from the Wooster Police Department in searching for the subject at two addresses within the Wooster city limits; one of the locations to be searched was Officer Trepal's home address. (*Id.* at 692, 712.) Because information received by regional dispatch is public record (*id.* at 701), Officer Trepal called dispatch to request that her son's personal information be removed from the computer-aided dispatch program (*id.* at 693, 699–700). Saal, who was the Wooster Police Department officer-in-charge that night (*id.* at 695), declined to send officers to search for the armed subject at Officer Trepal's home and requested that dispatch remove Officer Trepal's address from the dispatch call screen (*id.* at 705–06, 712).

Concerned that Saal and Officer Trepal's conduct—directing dispatch employees to remove information from their call screen—may have constituted a crime, Chief Fisher and Rotolo reached out to the Wayne County Prosecutor's Office for a consultation. (*Id.* at 712.) Based upon the discussion with the prosecutor's office, Chief Fisher contacted the Ohio Bureau of Criminal Investigations ("BCI") to request that, if a crime was committed, BCI investigate it. (*Id.* at 712–13, 827.)[3] BCI Special Agent Eric Lehnhart ("Agent Lehnhart") conducted the investigation into Saal's conduct. (*Id.* at 858–60.) During the course of that investigation—as he does in all police-officer-related investigations—Agent Lehnhart initiated an audit of Saal's Ohio Law Enforcement Gateway ("OHLEG") usage. (*Id.* at 861.) OHLEG is a criminal justice database that law

---

[3] The Court presumes, based on the allegations in the complaint, that Saal disputes this fact and believes the investigation was a mere pretext. But Chief Fisher and Rotolo's motives when initiating the BCI investigation are not material for purposes of resolving the instant motion. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (a fact is material if it might affect the outcome of the suit). In any event, at this stage Saal can no longer rely on the allegations in the pleadings and was required to present evidence showing a genuine issue of material fact. He has not done so.

3

enforcement officers use to search driver's licenses, vehicle registration, and other information for investigative purposes. (*Id.* at 781.) OHLEG may be used for law enforcement purposes only; personal use is a violation of Ohio law. (*Id.* at 781–82.)

During his audit of Saal's OHLEG data, Agent Lehnhart noticed searches that appeared to have been conducted for personal use. (*Id.* at 862.) The searches in question all occurred on one day—September 6, 2017—and included 18 searches of Saal's family members. (*Id.* at 785, 862–63.) At the conclusion of his investigation—which included both the original investigation request and the investigation into Saal's OHLEG usage—Agent Lehnhart presented his results to a special prosecutions team. (*Id.* at 860–61.) Saal was ultimately indicted by the Wayne County Grand Jury on 18 counts of unauthorized use of OHLEG. (Doc. No. 33-2 at 1009–18.) On the same day that Saal was indicted, the prosecutor requested that the Wayne County Court of Common Pleas issue and serve Saal with a summons (rather than a warrant) and requested a personal recognizance bond. (Doc. No. 33-3.) Approximately twenty-seven minutes later, the Common Pleas Court judge issued an order setting a personal recognizance bond with no conditions. (Doc. No. 33-4.)

On May 9, 2018, Saal waived an appearance in open court and entered a plea of not guilty. (Doc. No. 33-6.) The personal recognizance bond was continued. (*Id.*) The case proceeded to a jury trial on September 20–21, 2018 and Saal was found not guilty on all 18 counts of the indictment. (Trial Tr. at 669, 1000.) The instant action followed.

In his amended complaint, Saal asserts seven claims: (1) retaliation; (2) malicious prosecution under Ohio law; (3) aiding and abetting discrimination and retaliation; (4) malicious prosecution and retaliation under 42 U.S.C. § 1983; (5) civil conspiracy; (6) defamation; and (7) intentional infliction of emotional distress. (FAC ¶¶ 52–89.) As mentioned above, on December 13, 2019, defendants moved the Court for judgment on the pleadings on Saal's "sole federal claim

4

contained in [the a]mended [c]omplaint[,]" Saal's § 1983 claim in count IV. (*See* Doc. No. 23.) In its memorandum opinion and order dated February 20, 2020, this Court reviewed Saal's "inartful" pleadings and dismissed all of Saal's § 1983 theories, other than his malicious-prosecution-based § 1983 claim. (*See* Doc. No. 29 at 233.) Defendants now move for summary judgment on Saal's remaining claims. Saal did not oppose the motion.

## II.  Discussion

### A.  Summary Judgment Standard

The Court will grant a properly supported motion for summary judgment if "the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]hen a summary judgment movant 'does not bear the ultimate burden of persuasion,' the movant need only assert 'the absence of a genuine factual issue,' with no need to point to admissible evidence." *Lansky v. Prot. One Alarm Monitoring, Inc.*, No. 17-2883, 2019 WL 575390, at *2 (W.D. Tenn. Feb. 12, 2019) (quoting *Elkins v. Richardson-Merrell, Inc.*, 8 F.3d 1068, 1071–72 (6th Cir. 1993)).

In reviewing summary judgment motions, this Court must view evidence in the light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Determining whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict[.]" *Id.* at 252.

The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003) (citing *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001)). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Gooden v. City of Memphis Police Dep't*, 67 F. App'x 893, 895 (6th Cir. 2003) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990) (further citation omitted)). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (quotation marks and citation omitted).

Here, Saal has failed to file any response to defendants' motion. When faced with an unopposed motion for summary judgment, the Court is not required to conduct its own probing investigation of the record to discover an issue of material fact. *Guarino*, 980 F.2d at 405. Nevertheless, the Court must still "carefully review the legitimacy of such an unresponded-to motion, even as [the reviewing court] refrains from actively pursuing advocacy or inventing the *riposte* for a silent party." *Id.* at 407. As such, the Court will consider defendants' motion, and the evidence submitted therewith, to ensure defendants have met their burden. *See Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013) (citing *Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F. App'x 374, 380–81 (6th Cir. 2011) ("[A] district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged [his] burden.")).

6

B.   Analysis

1.   **Saal's Malicious Prosecution Claim Under 42 U.S.C. § 1983**

The defendants are entitled to summary judgment on Saal's federal malicious prosecution claim. To bring a claim under § 1983, the complaint "must allege that defendants, acting under the color of state law, deprived the plaintiff of a right secured by the Federal Constitution or laws of the United States." *Fisher v. Dodson*, 451 F. App'x 500, 502 (6th Cir. 2011). The Sixth Circuit "recognize[s] a separate constitutionally cognizable claim of malicious prosecution under the Fourth Amendment." *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010) (alteration in original) (citation and quotation marks omitted). A plaintiff pursuing a malicious prosecution claim under § 1983 must prove four elements:

> (1) a criminal prosecution was initiated against [him] and the defendant made, influenced, or participated in the decision to prosecute; (2) there was no probable cause for the criminal prosecution; (3) as a consequence of the legal proceeding, [he] suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in [his] favor.

*Hall v. City of Williamsburg*, 768 F. App'x 366, 375 (6th Cir. 2019) (quoting *Robertson v. Lucas*, 753 F.3d 606, 616 (6th Cir. 2014)).

The defendants argue that Saal cannot establish element three—that he suffered a deprivation of liberty. (Mot. at 655–57.) "A malicious prosecution claim under § 1983 is actually a Fourth Amendment claim to be free from pretrial detention without probable cause." *Kinlin v. Kline*, No. 1:12 CV 581, 2012 WL 3780461, at *6 (N.D. Ohio Aug. 31, 2012) (internal quotation marks and citation omitted). Which is why "[t]raditionally, [malicious prosecution] claims entail defendants who are detained prior to trial." *Fisher*, 451 F. App'x at 502. To prevail on element three, a plaintiff must show that he, "as a consequence of a legal proceeding … suffered a deprivation of liberty, as understood in … Fourth Amendment jurisprudence, *apart from the initial*

7

*seizure.*" *Noonan v. Cty. of Oakland*, 683 F. App'x 455, 463 (6th Cir. 2017) (quoting *Sykes*, 625 F.3d at 308–09) (emphasis in original). In other words, "the initial arrest alone is an insufficient deprivation of liberty[]" and "[g]iven that a summons to appear is even less a deprivation than an arrest, it stands to reason that it too is insufficient to satisfy [the] third element of a Fourth Amendment malicious-prosecution claim under § 1983…." *Id.* In addition, the Sixth Circuit has made clear that having to stand trial alone, without additional onerous conditions, does not constitute a constitutional deprivation of liberty. *See Cummin v. North*, 731 F. App'x 465, 473 (6th Cir. 2018).

Here, there is no evidence that Saal was ever handcuffed, arrested, incarcerated, required to post bail or pay any bond, subject to travel restrictions, or taken into custody. After the grand jury indictment, Saal was simply issued a summons and released on a personal recognizance bond, with no conditions or restrictions. (Doc. Nos. 33-3, 33-4.) And, "as most commonly applied in the Sixth Circuit, '[s]ervice with a summons to appear at trial or some other court proceeding does not rise to the level of a constitutional deprivation.'" *Noonman*, 683 F. App'x at 463 (quoting *Billock v. Kuivila*, No. 4:11-cv-02394, 2013 WL 591988, at *6 (N.D. Ohio Feb. 14, 2013)) (and citing cases). Because there is no evidence to suggest that Saal suffered a cognizable deprivation of liberty sufficient to establish a constitutional violation—the third element of a malicious prosecution claim—all defendants are entitled to summary judgment on Saal's § 1983 claim.[4]

---

[4] Saal also brings claims against "John Does 1 through 10" who are "unknown employees of the City of Wooster and the City of Wooster Police Department … who participated in the wrongful conduct against [p]laintiff." (FAC ¶ 5.) But discovery is now closed and Saal has not identified or served any John Doe defendants. "In general, the use of unnamed defendants is not favored in the federal courts." *Haddad v. Fromson*, 154 F. Supp. 2d 1085, 1093 (W.D. Mich. 2001) (citation omitted), *overruled on other grounds by Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 112 S. Ct. 1640, 152 L. Ed. 2d 806 (2002). Simply naming a person, using a fictitious title, in a lawsuit does not make that person a party and does not prevent the entry of a final judgment. *Id.* (citing *Nagle v. Lee*, 807 F.2d 435, 440 (5th Cir. 1987)). Saal has had adequate opportunity to identify the John Doe defendants and has failed to do so. Thus, the unnamed defendants are dismissed without prejudice.

### 2. Defendants Rotolo and Chief Fisher are Entitled to Qualified Immunity

Even if Saal could satisfy the elements of a § 1983 malicious prosecution claim, which he cannot, defendants Rotolo and Chief Fisher are entitled to qualified immunity. When a defendant law enforcement officer "raises qualified immunity as an affirmative defense, the plaintiff bears the burden of demonstrating that the officer is not entitled to that defense." *Hayden v. Green*, 640 F.3d 150, 153 (6th Cir. 2011) (citing *Moldowan v. City of Warren*, 578 F.3d 351, 375 (6th Cir. 2009)). Defendants Rotolo and Chief Fisher have asserted such a defense. (*See* Doc. No. 9, Answer, Affirmative Defenses ¶ 16.)

Qualified immunity determinations require courts to "answer two questions: first, whether the officer violated a constitutional right; and second, whether that right was clearly established in light of the specific context of the case." *Hayden*, 640 F.3d at 153 (citing *Scott v. Harris*, 550 U.S. 372, 377, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007)). Courts are permitted to answer those questions in whichever order they see fit. *Id.* Having already determined that Saal did not suffer a cognizable deprivation of liberty sufficient to establish a constitutional violation, defendants Rotolo and Chief Fisher are entitled to qualified immunity based on the first factor alone. Nevertheless, the Sixth Circuit has made clear that the requirement to appear in court, without more, does not constitute a clearly established seizure.

"The 'clearly established' standard … requires that the legal principle clearly prohibit the officer's conduct in the particular circumstances before him." *District of Columbia v. Wesby*, __U.S.__, 138 S. Ct. 577, 590, 199 L. Ed. 2d 453 (2018). As such, to overcome Rotolo and Chief Fisher's qualified immunity defense, Saal was required to "identify a case whose facts and holding would make clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Machan v. Olney*, —F.3d—, 2020 WL 2487597, at *3 (6th Cir. May 14, 2020)

9

(citation and quotation marks omitted). He has failed to do so. By contrast, defendants have cited to several Sixth Circuit cases standing for the proposition that, "[i]n the absences of additional, onerous conditions … the requirement to appear in court [does not] constitute[] a clearly established seizure." (Mot. at 659, quoting *Cummin*, 731 F. App'x at 473.) Thus, without the violation of a clearly established constitutional right, defendants Rotolo and Chief Fisher are entitled to qualified immunity with regard to Saal's § 1983 claim.

### 3. Saal's Remaining State Law Claims

After granting summary judgment on Saal's § 1983 claim, the only claims left before this Court are Saal's state law claims. When a district court dismisses all the claims over which it has original jurisdiction, the court may decline to exercise supplemental jurisdiction over the plaintiff's remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3). A court's decision whether to exercise supplemental jurisdiction is entirely discretionary and depends on "judicial economy, convenience, fairness, and comity…." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988). "As a rule of thumb, however, … [w]hen all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims…." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1254–55 (6th Cir. 1996) (citing cases).

After considering all the relevant factors, the Court declines to exercise supplemental jurisdiction over Saal's remaining state law claims. This case has not proceeded to trial, and only state law claims remain. In addition, while there is some elemental overlap between Saal's state law malicious prosecution claim and his § 1983 claim, the Court is granting summary judgment based on Saal's failure to show that he suffered a deprivation of liberty under the Fourth Amendment, which is an element exclusive to Saal's federal claim. This, coupled with issues of

comity, counsels the Court against exercising supplemental jurisdiction over Saal's state law claims. Accordingly, this case is dismissed.

### III. Conclusion

For the reasons set forth herein, defendants' motion for summary judgment related to count IV of the complaint, Saal's § 1983 claim, is GRANTED. The Court declines to exercise supplemental jurisdiction over the remaining state law claims and, as such, those claims are dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: May 26, 2020

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**